## ARKANSAS VALLEY & W. RY. CO. *et al.* v. BENSON.

No. 426.     Opinion Filed May 10, 1910.

(109 Pac. 219.)

**RAILROADS—Obstruction of Street by Railroad—Rights of Abutting Owner.** Prior to the admission of the state, a railway company with legislative sanction from a municipality constructed upon the streets of a city in what was then Oklahoma Territory its line of railway track in front of lots of an abutting owner at varying distances from his property lines. In an action by the abutting owner to recover damages, the jury was instructed that, if the railway company had interfered with the ingress and egress to and from plaintiff's property or erected any obstruction upon the street, plaintiff was entitled to recover. *Held*, that since said instruction authorized plaintiff to recover for any obstruction made by the railway track upon the street although the same might be upon surface grade and so laid as to cause him no inconvenience other than that suffered by the general public in passing over same and for any obstruction resulting from the maintenance of the track and running trains thereupon common to all the public, the instruction was error, and that the rule in such case is that the abutting property owner is entitled to recover when his means of access to his property has been cut off or materially interrupted by the building of the railway track upon the street in front of his property. Following **Foster Lumber Co. v. Ark. Valley Ry. Co.,** 20 Okla., 583, 95 Pac. 224.

(Syllabus by the Court.)

*Error from District Court, Noble County; B. T. Hainer, Judge.*

Action by John Benson against the Arkansas Valley & Western Railway Company and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Flynn & Ames* and *R. A. Kleinschmidt,* for plaintiffs in error. *H. A. Smith* and *J. R. Scott,* for defendant in error.

HAYES, J. This is an appeal from a judgment for $1,800 rendered against plaintiff in error for constructing a railroad in one of the streets of the city of Perry in front of defendant in error's property. Defendant in error is the owner of certain lots in block 89, in the city of Perry. Each of said lots fronts south on B street. Plaintiff in error constructed its railway along B street in front of plaintiff's property at varying distances from his property line: It constructed the road with the permission of the city granted by an ordinance which did not, however, vacate the street. The refusal of the trial court to give a peremptory instruction in favor of the railway company and the giving of an instruction over its objection are the matters urged for reversal of the cause. We shall notice the second specification of error first. The court instructed the jury as follows:

"You are further instructed that the plaintiff has a right to use and occupy the street in front of his property for egress and ingress; and if the railway company has taken any portion of plaintiff's land or has interfered with the egress or ingress from or to his property, or erected any obstruction thereby, then the plaintiff is entitled to such damages as he has sustained by reason of the depreciation of the property."

In *Foster Lumber Co. v. Ark. Valley Ry. Co.,* 20 Okla. 583, 95 Pac. 224, wherein the damage sought to be recovered was alleged to have resulted from the construction of the same railway involved in this case in the same city and under the same ordinance to one in front of whose property the road had been built upon a street, this court held that "an abutting property owner whose means of access to his property has been cut off or materially interrupted by the building of a railway track upon the street in front of said property, may recover damages therefor." The

title to the street on which the railway track is constructed is in the municipality for the use and benefit of the public. The cause of action arose and the action was instituted and prosecuted to final judgment in the court below. before the admission of the state. In these respects the case at bar is also similar to the Foster Lumber Company Case. The liability of the railway company is unaffected by any statutory or constitutional provision other than the fifth amendment to the federal Constitution, which prohibits the taking of private property for public use without just compensation. The instruction complained of is broader than the rule stated in the Foster Lumber Company Case, in that it permits plaintiff to recover for any interference whatever an abutting property owner may suffer by reason of the construction of a road upon the street in front of his property. We think the instruction for that reason is erroneous. Although a railway track be constructed upon a surface grade, and be so laid as to present no noticeable obstruction to vehicles or persons passing over the same, and although it be laid at the remotest points on the opposite side of the street from the abutting owner's property, and the inconvenience suffered by the abutting owner is from the running of trains upon the track and the maintenance of the track, this instruction would permit a recovery, for there would be some interference to the abutting owner's egress from and ingress to his property, but the inconvenience that he would suffer would be the same that other property owners in the same locality would suffer whose property did not abut upon the streets where the railway ran. Such injury is *damnum absque injuria*. The test adopted by this court in the Foster Lumber Company Case to determine whether there is a taking is whether one's common and necessary use of his property has been seriously interrupted by reason of his access thereto having been cut off or materially interfered with, and no good reason appears why the rule therein adopted should be extended.

As to the first assignment of error, there needs only to be said that we have reviewed the evidence, and cannot say that all

reasonable minds would draw the same conclusion therefrom, and that such conclusion would be against the material averments of plaintiff's petition, and the court did not err in refusing a peremptory instruction in favor of the railway company.

For the error in giving the instruction complained of, the judgment of the trial court must be reversed, and the cause remanded.

All the Justices concur.